UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>26-mj-8094-BER</u>

IN RE
SEALED COMPLAINT
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:   */s/ Suzanne Huyler*
      SUZANNE HUYLER
      Assistant United States Attorney
      Court No. A5503350
      500 S. Australian Avenue, Suite 400
      West Palm Beach, FL 33401
      Tel: (561) 209-1013
      Suzanne.Huyler@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. 26-mj-8094-BER |
| ROBERTO ANDRE-TOMAS, | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of December 12, 2025 in the county of Palm Beach in the Southern District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a) | Possession with the intent to distribute a controlled substance |
| 21 U.S.C. § 846 | Conspiracy to possess with intent to distribute |

This criminal complaint is based on these facts:

See Attached Affidavit

**FILED BY** *TM* **D.C.**
**Feb 3, 2026**
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

☑ Continued on the attached sheet.

*Crystal Connors*
*Complainant's signature*

Crystal Connors, DEA Special Agent
*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Digitally signed by Bruce E. Reinhart
Date: 2026.02.03 14:59:26 -05'00'

Date: _____

*Judge's signature*

City and state: West Palm Beach, FL    Bruce E. Reinhart, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Crystal Connors, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent with the Drug Enforcement Administration (DEA) and have been assigned to the DEA Miami Field Division since November 2012.  As a Special Agent, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1).  Prior to my assignment to the Miami Field Division, I received comprehensive training at DEA's training facility in Quantico, Virginia. As a result of this training and after conducting multiple narcotic-related investigations, I am knowledgeable in investigations concerning the possession, manufacture, distribution, and importation of controlled substances, as well as the means and methods in which offenders can use residences to facilitate their narcotics trafficking operation. As a DEA Special Agent, I have received training in the investigation of violations of the Controlled Substances Act and my duties include the investigation of the distribution of illicit drugs to include violations of Title 21 United States Code Section 841(a) (possession with the intent to distribute a controlled substance) and Title 21 United States Code Section 846 (Conspiracy to possess with intent to distribute).

2.      This affidavit is made in support of a criminal complaint charging Roberto ANDRE-TOMAS (hereinafter "ANDRE-TOMAS") with possession with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). The information contained in this affidavit is based in part on information developed by DEA Special Agents, Task Force Officers

and information obtained from other law enforcement personnel. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of the criminal complaint, it does not include all facts known to me or to other law enforcement officers regarding this investigation.

## PROBABLE CAUSE

3. On December 13, 2025, the Palm Beach County Sheriff's Office responded to 2809 Genessee Avenue, West Palm Beach, Florida, located in Palm Beach County and the Southern District of Florida in reference to an overdose death. Homicide detectives learned that the deceased, identified as Lyndy Yobal, a 17-year-old juvenile, had passed away sometime overnight from an apparent overdose. Detectives observed several empty capsules and straws located near the deceased. The capsules and straws both contained powdery residue consistent with narcotics, including fentanyl. Based upon my training and experience, fentanyl is often found in powder form and sold within capsules. Additionally, based upon my training and experience, fentanyl can be abused by snorting the powder.

4. The Palm Beach County Sheriff's Office Narcotics Unit arrived on scene. During the investigation, detectives located a cellular telephone next to the decedent's body on a bed. Detectives took custody of the decedent's phone and reviewed her recent call log and electronic text communications. Law enforcement identified within the device a text conversation between the decedent and telephone number 561-298-5238 (TARGET PHONE) that appeared to discuss the distribution of drugs by user of the TARGET PHONE to the decedent in exchange for sexual favors. During the initial text communications, the user of the 561-298-5238 identified himself as "ROBBIE."

5.      Law enforcement conducted a database search of the TARGET PHONE which revealed that its service provider is Dish Wireless, which utilizes both T-Mobile and AT&T cellular networks. On December 16, 2025, law enforcement obtained a search warrant issued out of the Southern District of Florida requesting historical cell site information from Dish Mobile for the TARGET PHONE. The historical cell-site location showed that the TARGET PHONE traveled a route through Palm Beach County from approximately 9:20pm on December 12, 2025, until 1:13am on December 13, 2025. Law enforcement compared this historical cell-site location information with known license plate reader (LPR) locations[1] throughout Palm Beach County. More specifically, law enforcement the compared licenses plates recorded at four (4) separate LPR locations on the route traveled by the TARGET PHONE during the identified period. The search yielded only one license plate that was at each of these locations during times consistent with cellular activations for the TARGET PHONE. The common plate was Florida tag: RWMJ52, a black 2025 Acura TLX sedan. [2]

6.      A further check of the Palm Beach County Sheriff's Office database showed that this vehicle bearing FL Tag RMWJ52 fled from a traffic stop on December 17, 2025. The vehicle was later observed by deputies parked and unoccupied midway through an alleyway just south of 9th Ave North between E and F Street. Utilizing this information, a search was conducted of

---

[1] License Plate Readers are high-speed camera systems that automatically capture license plates as vehicles pass and store data for investigative purposes.
[2] The black 2020 Acura TL bearing Florida Tag: RWMJ52 is registered to Curtis Dennis III of 1450 Villia Capri Cir #210 in Odessa, FL 33556. Law enforcement made contact with Dennis III via Pasco County Sheriffs' Office. Dennis II advised that this vehicle is utilized as a third-party rental in Palm Beach County.  Dennis III advised law enforcement that he does not personally manage this rental vehicle and did not have access to any rental information.

3

individuals who reside in that area via the FL DHSMV website (DAVID) and the probable driver of the vehicle was identified as Roberto ANDRE-TOMAS DOB 03/26/2000.

7. It should also be noted that ROBBIE sent a photograph to the decedent from inside a vehicle on December 12, 2025, while en route to her location, which showed the head unit display; this image is consistent with a 2025 Acura TL. With this information, agents were able to identify ROBBIE, the user of the TARGET PHONE, as Roberto ANDRE-TOMAS.

8. The following is a verbatim conversation between the decedent and the ANDRE-TOMAS which occurred on or about December 10, 2025, between approximately 8:02 AM and 8:14 AM:

| | |
|---|---|
| ANDRE-TOMAS: | (yo) |
| ANDRE-TOMAS: | (you busy) |
| ANDRE-TOMAS: | (I got 200 idk if you busy) |
| ANDRE-TOMAS: | (you up?) |
| ANDRE-TOMAS: | (yoooo) |
| ANDRE-TOMAS: | (an I got stuck) |
| ANDRE-TOMAS: | (bars) |
| ANDRE-TOMAS: | (maybe like 2 hats to left) |
| ANDRE-TOMAS: | (lmk) |
| ANDRE-TOMAS: | (sticks**) |
| ANDRE-TOMAS: | (lmk) |
| ANDRE-TOMAS: | (yo) |
| ANDRE-TOMAS: | (I can slide on you or uber you lmk) |
| ANDRE-TOMAS: | (just want neck if you not busy) |

|  |  |
|--|--|
| Decedent: | (I'm at work) |
| ANDRE-TOMAS: | (so?) |
| Decedent: | (Im busy all day) |

9. Based on your affiant's training, knowledge and experience she knows that "200" is the target offering payment for "neck" which is street terminology for oral sex preformed on a male. Your affiant also knows based on training, knowledge and experience that "sticks" or "bars" is street terminology for Xanax. It is common for Xanax tablets to be counterfeited in Palm Beach County and pressed with other chemicals such as fentanyl and sold as "sticks" or "bars" on the street.

10. On December 12, 2025, the last date the decedent was seen alive, the following text conversation occurred between approximately 9:24 pm and 9:52 pm:

|  |  |
|--|--|
| ANDRE-TOMAS: | (Lmk it'll be quick I just want head if you busy) |
| Decedent: | (pu f) |
| ANDRE-TOMAS: | (yo) |
| Decedent: | (pu) |
| Decedent: | (im ready too) |
| Decedent: | (Not busy n shi come) |
| Decedent: | (Tmrw I work sadly im free rn) |
| Decedent: | (if you can no pressure) |
| ANDRE-TOMAS: | (Im on my way!) |
| ANDRE-TOMAS: | (be ready shower) |
| ANDRE-TOMAS: | (ima come get you) |
| Decedent: | (ok and I did alrdy) |

| | |
|---|---|
| ANDRE-TOMAS: | (im picking up erks rn) |
| Decedent: | (bet) |
| ANDRE-TOMAS: | (Then on my way to you) |
| Decedent: | (bet gimme sum dubs too) |
| ANDRE-TOMAS: | (I got u) |

11. Based on your affiant's training, knowledge and experience she knows that "erks" is street terminology for Percocet and "dubs" is street terminology for twenty dollars of an illicit narcotic such as fentanyl. It should be noted that fentanyl is commonly distributed in capsules or "caps" which are typically sold for twenty dollars each, which was recovered near the decedent's body. It is also common for Percocet to be counterfeited in Palm Beach County and pressed with other chemicals such as fentanyl and sold as "erks" on the street.

12. On December 12, 2025, at approximately 9:53pm, ANDRE-TOMAS sent a text to the decedent indicating that he was close by and instructing her to be ready when he arrived at the location. As proof that he was close to the location, ANDRE-TOMAS sent a photo of the interior of a vehicle with the vehicle's Global Position System (GPS) in view, indicating the vehicle was at Okeechobee Boulevard and Interstate 95. The view out the front windshield in the photo was recognized as the westbound lanes of Okeechobee Boulevard just east of the Interstate 95 overpass, which is less than 2 miles from 2809 Genessee Avenue where the decedent was found. At approximately 9:56pm, ROBBIE advised he was at the address, to which the decedent responded acknowledging him.

13. Law enforcement recovered video surveillance footage from 2808 Genessee Avenue. The footage shows that on December 12, 2025, at approximately 9:56pm, a subject, believed to be the decedent, walked in the driveway toward the road from the direction of the side

entrance of 2809 Genessee Avenue. The subject appeared to be holding a mobile device as it lit up continuously in the subject's hand. On this date, at approximately 9:57pm, a black sedan traveled west on Genessee Avenue and continued out of the camera view. The subject with the phone then walked west in the road toward the direction of the black sedan.

14. On this date, at approximately 10:18pm, the black sedan returned westbound on Genessee Avenue and stopped in the road in front of 2815 Genessee Avenue. A subject, believed to be the decedent, exited the front passenger door and walked into the driveway of 2809 Genessee Avenue toward the side entrance of the residence before the black sedan continued westbound out of camera view.

15. On Dec 14, 2025, at 8:54am, the vehicle identified in the common plate analysis, FL Tag RMWJ52, was observed on CCTV in the City of Lake Worth driving into the 711 at 10th Ave North and Dixie Hwy. TFO Stephanie Holst responded to 711 and collected video of this vehicle arriving to the location and identified a Hispanic male exiting the vehicle and entering the store. The person captured on this video is known to Palm Beach County Sheriff's Office Detectives as Roberto ANDRE-TOMAS aka ROBBIE.

16. On or about December 22, 2025, agents received a PBSO Crime Laboratory Report which completed an analysis on the capsule of suspected fentanyl located near the decedent as described in paragraph 1. It should be noted that this substance was confirmed to be fentanyl.

17. On or about January 13, 2026, agents received documents from the Office of Medical Examiner which stated decedent's cause of death was "Acute Fentanyl and Oxycodone Intoxication." This cause of death is consistent with what the drugs the DECEDENT requested from ANDRE-TOMAS, ie the "dubs" and "erks," as described in paragraph 11.

18.  Based on the facts set forth in this affidavit, there is probable cause to believe that Roberto ANDRE-TOMAS has violated Title 21, United States Code, Sections 841(a)(1). This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. §§2711 and 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. §2711(3)(A)(i).

## CONCLUSION

Based on the foregoing, I submit that there is probable cause to believe that Roberto ANDRE-TOMAS committed the criminal offense of possession with intent to distribute a controlled substance, that is, a mixture and substance containing a detectable amount of fentanyl, in violation of Title 21 United States Code Section 841(a)(1) and (b)(1)(C).

FURTHER YOUR AFFIANT SAYETH NAUGHT

*Crystal Connors*
Crystal Connors
Special Agent
U.S. Drug Enforcement Administration

Sworn to and attested by Telephone, Facetime, per Fed. R. Crim. P. 4(d) and 4.1 on ___ day of January, 2026

Digitally signed by Bruce E. Reinhart
Date: 2026.02.03 14:59:48 -05'00'

HONORABLE BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:     Roberto Andres-Tomas

**Case No**: 26-mj-8094-BER

Count #: 1

Possession with Intent to Distribute a Controlled Substance

Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years to Life
* **Max. Fine:**  $1,000,000

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.